IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JOHN FRANKLIN ARBOGAST,**

       **Plaintiff,**

  v.                    **CIVIL ACTION NO. 3:18-CV-135 (GROH)**

**DEBRA MINNIX, ECT Warden Administrator,**
**JEFF SANDY, Cabinet Secretary,**
**CPT. ARNOLD,**
**CPL. WOMSLEY,**
**BRENT WAYBRIGHT, Counselor,**
**DAVIS HEALTH SYSTEMS,**
**ELKINS STATE POLICE,**
**KATHY WEEKLY,**
**ROBERT PETRICE,**
**BETSY C. JIVIDEN, Commissioner,**
**JEFF SANDY, Cabinet Secretary,**
**JIM JUSTICE,**
**DAVID FARMER,**
**CPL. WIMER, and**
**TAMMY MILLER,**

       **Defendants.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On August 24, 2018, the Plaintiff, who is currently a state inmate at the Tygart Valley Regional Jail, in Belington, West Virginia, filed a *pro se* complaint against the above-named defendants pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed in forma pauperis. ECF Nos. 1, 2. On September 4, 2018, the Plaintiff filed a motion to appoint counsel [ECF No. 9] and on September 5, 2018, he filed an amended

1

complaint and a second motion for leave to proceed in forma pauperis. ECF Nos. 10, 11. On September 5, 2018, the Plaintiff was granted leave to proceed *in forma pauperis* as requested in his August 24, 2018 motion [ECF No. 2]. ECF No. 15. Plaintiff's motion for appointed counsel was denied on September 5, 2018, and his second motion to proceed in forma pauperis was terminated as moot. ECF Nos. 14, 16. On September 17, 2018, Plaintiff filed a second amended complaint. ECF No. 18. Plaintiff has not yet paid his required initial partial filing fee. This case is before the undersigned for an initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 83.01, et seq., and 28 U.S.C.§§ 1915(e) and 1915A.

## II. FACTUAL AND PROCEDURAL HISTORY

### A.	Original Complaint filed August 24, 2018

Plaintiff's complaint filed on August 24, 2018, asserts five claims for relief: (1) that Plaintiff was denied protective custody which resulted in Plaintiff being hospitalized and sexually assaulted by unidentified perpetrators [ECF No. 1 at 7]; (2) that Plaintiff suffered serious bodily injury which required hospitalization, and was sexually assaulted, all by unidentified perpetrators [Id. at 8]; (3) that Plaintiff was repeatedly sexually assaulted and beaten by unidentified perpetrators [Id.]; (4) that Plaintiff was beaten and jumped by fellow inmates and DMI[1] ("Dead Man Inc.") gang members, resulting in injuries which required Plaintiff to have facial surgery, which surgery was denied by the correctional facility [Id.]; and (5) Plaintiff was denied physical and mental health care related to his head injury and sexual assault [Id.].

---

[1] In both his original complaint and his first amended complaint, Plaintiff refers to DMI or "Dead Man Corpraed" [sic]. It appears that Plaintiff refers to the gang "Dead Man Inc." ECF Nos. 1 at 8, 10 at 8.

### B. Plaintiff's First Amended Complaint September 5, 2018

Plaintiff's first amended complaint was filed on September 5, 2018, on court-approved forms and asserts five claims for relief: (1) that Plaintiff was denied protective custody, which led to him being beaten by an unnamed fellow inmate in the general population [ECF No. 10 at 7]; (2) that Plaintiff suffered serious injury and bodily harm by an unnamed fellow inmate, requiring him to be hospitalized for treatment [Id. at 8]; (3) that Plaintiff was repeatedly beaten by unnamed fellow inmates, causing head injuries, but the correctional facility failed to seek criminal charges against the inmates who beat Plaintiff [Id.]; (4) that Plaintiff was beaten and jumped by an unnamed fellow inmates and DMI ("Dead Man Inc.") gang members, resulting in injuries which required Plaintiff to have facial surgery, which surgery was denied by the correctional facility [Id.]; and (5) Plaintiff was denied physical and mental health care related to his head injury [Id.]. Plaintiff asserts in his first amended complaint that he exhausted all available remedies but that "Administrative [sic] refused to answer all inmate grievances." ECF No. 10 at 6. The Court-approved complaint form requests that Plaintiff "briefly explain" how he exhausted administrative remedies. Without further explanation, Plaintiff wrote:

> Administrative,
> Cabinet Secretary, Correctional Facility
> Authority.  David Farmer Executive Director

Id.  No proof of exhaustion was attached to the first amended complaint.  For relief, in his first amended complaint, Plaintiff asks the Court to hold the State accountable for his pain and suffering, needed surgery, mental health treatment and all medical bills and award him two million dollars ($2,000,000.00).  ECF No. 10 at 9.

### C. Plaintiff's Second Amended Complaint September 17, 2018

Plaintiff's second amended complaint filed on September 17, 2018, is not on court-approved forms and consists of three handwritten pages [ECF No. 18] with 37 pages of attachments. ECF Nos. 18-1 through 18-4. The attachments include 24 pages of grievances, a 4 page document entitled "Access to the Judicial Process," 5 additional pages of grievances and a 4 page statement of the Plaintiff. The second amended complaint does not clearly articulate any specific incident where Plaintiff's constitutional rights were violated. Rather, the second amended complaint alleges that Plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment have been violated. The only specific allegation the Plaintiff asserts is that Tygart Valley Regional Jail officials must ensure that inmates receive adequate food, clothing, shelter and medical care and take reasonable measures to guarantee the safety of inmates. ECF No. 18 at 3. The second amended complaint does not contain a demand for relief. Plaintiff's attachments include grievances filed on: July 9, 2018 [ECF No. 18-1 at 2]; July 30, 2018 [ECF No. 18-3 at 1 - 2]; August 2, 2018 [ECF No. 18-3 at 3 – 5]; and September 3, 2018 [ECF No. 18-1 at 1].

### III. LEGAL STANDARD

### A. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and

Case 3:18-cv-00135-GMG   Document 19   Filed 09/19/18   Page 5 of 9   PageID #: 117

must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### IV. ANALYSIS

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). Under the state version of the Prisoner Litigation Reform Act, West Virginia Code § 25-1A-2(c) also provides that "an inmate may not bring a civil action regarding an ordinary

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

5

administrative remedy until the procedure promulgated by the agency have been exhausted."

Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte. Custis v. Davis, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.")

The Fourth Circuit has long recognized that:

> As a general rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.),* 226 F.3d 160, 162 (2d Cir.2000); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies.... Once an amended pleading is interposed, the original pleading no longer performs any function in the case....").

Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001). However, in Young, the Fourth Circuit found that the rule was not inflexible. There, plaintiffs' filed an amended complaint, which superseded the original complaint, but the amended

6

complaint did not include claims against certain defendants named in the original complaint.  Nonetheless, the Fourth Circuit found that plaintiffs' omission of those originally named defendants in the superseding complaint did not waive plaintiffs' right to challenge the dismissal of claims against the originally named defendants.  Accordingly, the undersigned considers all three of Plaintiff's complaints herein.

Plaintiff first filed a complaint which did not make any allegations against specific actors who were alleged to have violated his civil rights.  Plaintiff then filed a first amended complaint which failed to identify specific actors who were alleged to have violated his civil rights.  In both the original complaint and first amended complaint Plaintiff asserted that he had filed grievances which had not been addressed by the administration of the Tygart Valley Regional Jail.  In his second amended complaint, Petitioner attached copies of the grievances which he filed on July 9, 2018, July 30, 2018, August 2, 2018 and September 3, 2018.  The original complaint in this action was filed on August 24, 2018, less than 60 days after the first three grievances were filed.  The fourth grievance was filed ten days after this action was filed.

Those attachments clearly establish that a prisoner grievance procedure is available at the Tygart Valley Regional Jail and that Plaintiff has initiated several grievances prior to the filing of the instant action.  Further, Plaintiff's original and first amended complaints allege that he has not yet receiving a response to any of his grievances. ECF Nos. 1 at 6, 10 at 6.  However, none of the grievances were even 60 days old at the filing of the instant action.  The fourth grievance was actually filed after the action was instituted.  Consequently, it is apparent that the Plaintiff did not follow the grievance procedure, including awaiting a disposition of his grievances, before filing this

action in federal court.  Accordingly, Plaintiff has failed to exhaust each step of the procedure.  Further, because the failure to exhaust is clear on the face of the complaint, *sua sponte* dismissal of this action is appropriate.  See Custis, supra.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's section 1983 original complaint [ECF No. 1], first amended complaint [ECF No. 10] and second amended complaint [ECF No. 18] be **DENIED and DISMISSED WITHOUT PREJUDICE** for failure to exhaust, and this case be closed.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** September 19, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE