**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JOHN FRANKLIN ARBOGAST**,

 Plaintiff,

v.              CIVIL ACTION NO.: 3:18-CV-135
                  (GROH)

**DEBRA MINNIX, ECT Warden
Administrator, JEFF SANDY,
Cabinet Secretary, CPT. ARNOLD,
CPL. WIMER, BRENT WAYBRIGHT,
Counselor, DAVIS HEALTH SYSTEMS,
ELKINS STATE POLICE,
KATHY WEEKLY, ROBERT PETRICE,
BETSY C. JIVIDEN, Commissioner,
JIM JUSTICE, DAVID FARMER**

 Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 19. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on September 19, 2018. In his R&R, Magistrate Judge Trumble recommends that the Plaintiff's § 1983 original complaint [ECF No. 1], first amended complaint [ECF No. 10] and second amended complaint [ECF No. 18] be denied and dismissed without prejudice.

### I. Background

The Plaintiff in this matter is currently a state inmate at the Tygart Valley Regional Jail in Belington, West Virginia. He filed a *pro se* complaint pursuant to 42

U.S.C. § 1983 on August 24, 2018. ECF No. 1. In his complaint, Plaintiff alleges he was denied protective custody, he was sexually assaulted, he had been jumped and beaten, he was denied needed surgery, and he was denied physical and mental health care. On September 5, 2018, Plaintiff filed an amended complaint alleging substantially similar claims. ECF No. 10. In the amended complaint, Plaintiff alleges he has exhausted all administrative remedies, but received no answer. However, Plaintiff fails to offer any proof with this statement. On September 17, 2018, Plaintiff filed a second amended complaint. ECF No. 18. In this complaint, Plaintiff alleges that Tygart Valley Regional Jail officials must ensure that inmates receive adequate food, clothing, shelter, medical care and safety.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b).

When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate

judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff filed his objections on October 3, 2018. ECF No. 20. Additionally, Plaintiff filed a recommendation on October 22, 2018. ECF No. 22. Having timely filed objections, the Court will conduct a *de novo* review of the portions of the R&R to which the Plaintiff objects.

### III. Discussion

Magistrate Judge Trumble recommended that the complaint, amended complaint, and second amended complaint be dismissed because Plaintiff has failed to exhaust all available administrative remedies. Specifically, Plaintiff has filed several grievances with the Tygart Valley Regional Jail, but is currently awaiting a disposition of his grievances. Plaintiff filed a grievance on July 9, 2018, July 30, 2018, August 2, 2018 and September 3, 2018. The complaint was filed in this case on August 24, 2018. At the time the complaint was initiated, less than 50 days had passed since the filing of Plaintiff's first grievance. Furthermore, Plaintiff filed the fourth grievance after initiating the complaint in this Court.

The only relevant objection the Plaintiff makes to the magistrate judge's R&R is included in his recommendation to the Court, which was not included in his initial objections. Plaintiff argues that he has exhausted all administrative remedies because he has filed grievances, but received no response. The Plaintiff fails to provide the Court with any information leading to the exhaustion or disposition of his grievances. Rather, the objections reiterate the Plaintiff's original complaint, first amended complaint, and second amended complaint, which were considered by the magistrate

4

judge when he issued the R&R. Therefore, the Court finds that *de novo* review is not required because the Plaintiff has failed to make specific objections to the magistrate judge's analysis as found within his R&R. Review of the original complaint, first amended complaint, second amended complaint, objections and Plaintiff's recommendation shows a failure to exhaust all administrative remedies prior to filing the Plaintiff's § 1983 complaint.

### IV. Conclusion

Accordingly, upon careful review, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 19] is **ADOPTED** for the reasons more fully stated therein. The Plaintiff's § 1983 original complaint [ECF No. 1], first amended complaint [ECF No. 10] and second amended complaint [ECF No. 18] are **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Clerk is **DIRECTED** to strike this matter from the Court's active docket. The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and to mail a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: November 2, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE